Ronald L. Richman, SBN 139189
Joye Blanscett, SBN 191242
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108
e-mail: ron.richman@bullivant.com
Telephone: (415) 352-2700
Facsimile: (415) 352-2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NOTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>A.C. PAVING, INC. a California corporation; and LARRY D. ALFORD, an individual,<br><br>Defendants. | Case No.: C-06-6744 SI<br><br>**PLAINTIFFS' STATEMENT IN LIEU OF CASE MANAGEMENT CONFERENCE; PROPOSED ORDER**<br><br>Date: April 6, 2007<br>Time: 2:00 p.m.<br>Ctroom: 10, 19th Floor<br>Hon. Susan Illston |

Plaintiffs offer this Statement in Lieu of the Case Management Conference Statement.

Plaintiff filed their First Amended Complaint on November 3, 2006. Defendants were served on January 5, 2007. Defendants' Answer was due on January 26, 2007. Defendants did not file a responsive pleading.

/ / /

6078280.1

-1-

PLAINTIFFS' STATEMENT IN LIEU OF CASE MANAGEMENT CONFERENCE STATEMENT; PROPOSED ORDER

On or about January 3, 2007, Plaintiffs received notice that Defendant Larry D. Alford filed for Ch. 7 Bankruptcy. On January 3, 2007 Plaintiffs filed their Notice of Automatic Stay with this Court. On February 2, 2007 the Clerk of Court entered the default of Defendants. On February 28, 2007 Defendant Larry D. Alford was discharged in Bankruptcy. A copy of the Discharge of Debtor is attached hereto as Exhibit A.

On March 1, 2007 Plaintiffs filed their Motion for Default Judgment against A.C. Paving, Inc. Hearing on the Motion for Default Judgment is set for 9:00 a.m., April 6, 2007, before this Court. Based on the above, Plaintiffs respectfully request that this Court vacate the Case Management Conference.

DATED: March 28, 2007

BULLIVANT HOUSER BAILEY PC

By _____
Ronald L. Richman

Attorneys for Plaintiffs

## CASE MANAGEMENT ORDER

The Court having read Plaintiffs' Statement in Lieu of Case Management Conference Statement and good cause appearing therefore:

IT IS HEREBY ORDERED that the Case Management Conference currently scheduled for April 6, 2007 at 2:00 p.m. be vacated.

DATED: March ___, 2007

By _____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

6078280.1

-2-

PLAINTIFFS' STATEMENT IN LIEU OF CASE MANAGEMENT CONFERENCE STATEMENT; PROPOSED ORDER

# EXHIBIT A

FORM L55 Discharge of Debtor (v.11.05)        06-11947 – A – 7



# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

United States Courthouse
2500 Tulare Street, Suite 2501
Fresno, CA 93721-1318

(559) 499-5800
www.caeb.uscourts.gov
M-F 9:00 AM – 4:00 PM

**FILED**

**2/28/07**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

jflf

## DISCHARGE OF DEBTOR

**Case Number:** 06-11947 – A – 7

**Debtor Name(s), Social Security Number(s), and Address(es):**

Larry Donald Alford
xxx-xx-3256
94-2556392
4489 W Dakota
Fresno, CA 93722

Betty Jean Alford
xxx-xx-6295

4489 W Dakota
Fresno, CA 93722

**OTHER NAMES USED WITHIN 8 YEARS BEFORE FILING THE PETITION:**

AC Paving, Inc.

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Dated:
2/28/07

For the Court,
Richard G. Heltzel , Clerk

37964

FORM L55
(Continued)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor (or debtors). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

### Debts that are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**NOTE: The granting of this discharge does not affect any pending or subsequently filed complaints to determine the dischargeability of specific debts under 11 U.S.C. § 523.**

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

RECEIVED

MAR 0 5 2007

BHB

037964      56005038040018