Ronald L. Richman, SBN 139189
Joye Blanscett, SBN 191242
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108
e-mail: ron.richman@bullivant.com
e-mail: joye.blanscett@bullivant.com
Telephone: (415) 352-2700
Facsimile: (415) 352-2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NOTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>A.C. PAVING, INC., a California corporation; LARRY D. ALFORD, an individual,<br><br>Defendants. | Case No.: C06-6744 SI<br><br>**[PROPOSED] JUDGMENT AGAINST A.C. PAVING, INC., a California corporation.**<br><br>Date: April 6, 2007<br>Time: 9:00 a.m.<br>Ctroom: 10, 19th Floor<br>Hon. Susan Illston |

## JUDGMENT

This Court, having received and reviewed the Summons and First Amended Complaint for Damages For Breach of Collective Bargaining Agreement, To Recover Unpaid Trust Fund Contributions and For Mandatory Injunction ("First Amended Complaint"), all Proofs of Service, no responsive pleading having been filed by Defendant A.C. Paving, Inc., a California

-1-
[PROPOSED] JUDGMENT BY THE COURT

corporation, the Clerk of Court having entered the default of Defendant Clark Arnold Corp., a California corporation, on February 2, 2007 and the Court, having read and considered the moving in support of Plaintiffs' Trust Funds Motion for Default Judgment, the declarations and attached exhibits in support of Plaintiffs' Motion for Default Judgment, and having heard and considered the argument of counsel and there otherwise appearing to be good cause therefore:

IT IS HEREBY ORDERED AND ADJUDGED that Judgment be entered against A.C. Paving, Inc., a California corporation, as follows:

1. Plaintiffs shall have and recover from A.C. Paving, Inc., a California corporation, the amount of $25,169.14 broken down as follows:

**Account No. 29137-00**

Contributions reported, but not paid, under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the following amount:

- § 1132(g)(2)(A) unpaid contributions: $7,578.85
- § 1132(g)(2)(B) interest: $1,235.37
- § 1132(g)(2)(C) interest: $1,23537.39

    total: $10,049.59; and

Contributions not reported and not paid, under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the following amount:

- § 1132(g)(2)(A) unpaid contributions: $1,400.96
- § 1132(g)(2)(B) interest: $835.37
- § 1132(g)(2)(C) interest: $835.37

    total: $3,071.70; and

Liquidated damages and interest on contributions paid, but paid late: $9,243.72

Sub total for Account No. 29137-00: $22,365.01

**Account No. 29137-07**

Liquidated damages and interest on contributions paid, but paid late: $352.53

Sub total for Account No. 29137-07: $352.53

**Account No. 29137-11**

<u>Contributions reported, but not paid</u>, under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the following amount:

- § 1132(g)(2)(A) unpaid contributions:     $1,654.18
- § 1132(g)(2)(B) interest:     $263.49
- § 1132(g)(2)(C) interest:     <u>$263.49</u>

       total:     $2,181.16; and

Liquidated damages and interest on contributions paid, but paid late:     <u>$270.44</u>

Sub total for Account No. 29137-11:     $2,451.60

**Grand Total:**     **$25,169.14**

Plaintiffs shall further have and recover additional interest and associated liquidated damages accruing at the rate of 1.5% per month on the unpaid delinquent contributions from February 25, 2007 until the date of Judgment, the whole of the Judgment to bear interest at the contract rate of 1.5% per month until paid;

2. Defendant A.C. Paving, Inc., a California corporation is required to permit a Trust Funds auditor to come onto defendants' premises and to submit to an audit of their financial records for the period from October 11, 2004 through March, 2007 including, but not limited to, the following records:

> Individual earnings records; federal tax forms W-3/W-2 and 1069.1099; reporting forms for all Trust Funds, State DE-3/DE-6 Tax Reports; Workers' Compensation insurance; employee time cards; payroll registers/journals; quarterly payroll tax returns (Form 941); check register and supporting cash vouchers; forms 1120, 1040 or partnership tax returns; general ledger; source records, including time cards and time card summaries for all employees; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation of defendants' financial records;

3. The Court further reserves jurisdiction of the parties and the subject matter to enforce its mandatory injunction and to entertain a motion for a further money judgment, should the

audit disclose additional amounts that may be owed by defendants to the Trust Funds; and

    4. Plaintiffs shall have and recover from A.C. Paving, Inc., a California corporation, attorneys' fees in the amount of $5,400 and costs in the amount of $683.74.

**IT IS SO ORDERED**

DATED: \_\_\_\_4/6_____, 2007

_/s/ Susan Illston_
Hon. Susan Illston
UNITED STATES DISTRICT JUDGE

6076862.1